871 F.2d 1149
 276 U.S.App.D.C. 409
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jamie E. COKER, Petitioner,
v.
U.S. RAILROAD RETIREMENT BOARD, Respondent.
 No. 87-1658.
 United States Court of Appeals, District of Columbia Circuit.
 April 10, 1989.
 
 Before MIKVA, RUTH B. GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs filed by the parties on a petition for review of an order of the United States Railroad Retirement Board. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review of the order of the United States Railroad Retirement Board, dated November 12, 1986, be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Jamie E. Coker petitions for review of a decision rendered by the United States Railroad Retirement Board ("Board") affirming the decision of an appeals referee. Coker contends that: (1) section 231b(f)(2) of the Railroad Retirement Act of 1974, 45 U.S.C. Sec. 231 et seq., the "grandfather clause," requires the Board to combine his railroad retirement annuity with his social security benefits; (2) section 231b(f)(2) prohibits the Board from reducing his railroad annuity benefit, dollar for dollar, as a result of his entitlement to social security benefits pursuant to section 231b(m); (3) the reduction for early retirement was calculated incorrectly; (4) the reduction for early retirement should cease once he attained age 65; and (5) he is entitled to full annuity adjustments.[1]
 
 
 5
 The first two issues have already been adjudicated by the Sixth Circuit in an earlier appeal. Coker v. Gielow, 806 F.2d 689 (6th Cir.1986). Therefore, Coker is precluded from relitigating his interpretation of sections 231b(f)(2) and 231b(m). See Montana v. U.S., 440 U.S. 147 (1979); McLaughlin v. Bradlee, 803 F.2d 1197, 1201 (D.C.Cir.1986); Restatement (Second) of Judgments Sec. 27 (1982).
 
 
 6
 With respect to Coker's third claim, the Board's 20% early retirement reduction calculation is correct. Coker's annuity was properly reduced by 36/180 ( 1/180 times the 36 months he was under age 65 at the time his annuity began to accrue), or 20% pursuant to section 231a(a)(1)(iii). Coker's claim that the early retirement reduction should decrease as he approaches age 65 has no basis in law.
 
 
 7
 Coker's fourth claim also has no basis in law. The pertinent provision of the Act does not state or indicate that the early retirement reduction should terminate when the annuitant becomes 65. See 45 U.S.C. Sec. 231a(a)(1)(iii).
 
 
 8
 Finally, Coker's fifth claim fails. Coker is not entitled to full annuity adjustments. The 20% early retirement reduction which applied at the beginning of Coker's annuity also applies to each annuity adjustment. See 45 U.S.C. Sec. 231b(1).
 
 
 
 [1]
 The other claims made by Coker are either outside the scope of this review proceeding or meritless